UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALENA CLARK,

Plaintiff

v.

Case No. 19-10106
Hon. Thomas L. Ludington

COUNTY OF SAGINAW, SAGINAW COUNTY PROSECUTING ATTORNEY'S OFFICE, JOHN McCOLGAN, individual capacity and CHRISTOPHER BOYD, individual capacity,

Defendants

---

GAFKAY LAW, PLC
JULIE A. GAFKAY (P 53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240
jgafkay@gatkaylaw.com

FREID, GALLAGHER, TAYLOR & ASSOCIATES, PC
DEBRA A. FREID (P 33078)
Co-Counsel for Plaintiff
604 S. Jefferson Ave.
Saginaw, MI 48607
(989) 754-0411
fgt@fgt-law.com

CUMMINGS, McCLOREY, DAVIS &ACHO,PLC
TIMOTHY S. FERRAND (P 39583)
Attorneys for Defendants
19176 Hall Road, Ste. 220
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

---

**PLAINTIFF'S MOTION TO CONDUCT DEPOSITIONS REMOTELY PURSUANT TO FED.R.CIV.P. 30(b)(4)**

NOW COMES Plaintiff, Alena Clark, by and by and through her attorneys, and for her Motion to Conduct Depositions Remotely Pursuant to Fed.R.Civ.P. 30(b)(4), states:

1. On April 24, 2020, this Court entered an Order amending the scheduling order extending discovery until May 11, 2020, to permit the depositions of John McColgan, Jennifer Broadfoot, Jolina O'Berry, Mark Gaertner, and Blair Stevenson by Plaintiff. ECF No. 33, PagID.493;
2. The State of Michigan issued the Stay Home effective March 24, 2020 pursuant to Executive Order 2020-21 (COVID-19), which has been extended through May 15, 2020 currently pursuant to Executive Order 2020-59;
3. Because of the Stay Home issued in the State of Michigan, in person activities, such as depositions, are suspended. However, the Stay Home does not preclude remote activities;
4. Defendant John McColgan's deposition, which has been set at minimum five different times, was most recently scheduled for April 22, by agreement of the parties;
5. Because the Stay Home was in effect, the undersigned re-noticed the above deposition as a remote deposition and forwarded the re-notice to defense counsel on April 17, 2020 with a proposed stipulation. **(Exhibit A);**
6. Pursuant to Fed.R.Civ.P. 30(b)(4), remote depositions are permissible,

however, can only be done by stipulation of the parties or order of the Court;

7. On April 20, defense counsel responded stating he would not produce his client for the upcoming deposition and that he would not agree to the proposed order, without stating what he disagreed with concerning the order. **(Exhibit A);**

8. In follow up emails on the 20th, the undersigned asked defense counsel to specify his objections to the proposed stipulation for doing depositions remotely, which defense counsel never provided any response;

9. On April 27, 2020, the undersigned sent defense counsel re-notices for the depositions in this matter to be conducted remotely. **(Exhibit B);**

10. The undersigned again asked defense counsel to let her know what, if any part, of the stipulation to conduct the depositions remotely he would not agree;

11. As of the filing of this Motion, Defendants have not responded whatsoever to Plaintiff's repeated requests to stipulate to conducting depositions remotely;

12. Moreover, Defendants have not filed any request for protective order concerning the remote depositions set for next week on May 5, 6, and 8;

13. Accordingly, Plaintiff seeks an Order from the Court permitting the depositions to go forward remotely as scheduled to be conducted in

accordance with Plaintiff's proposed stipulation; and

14. Concurrence was sought via email dated April 30, 2020, but no response was received.

WHEREFORE, for all these reasons, and for those in the accompanying Brief, Plaintiff requests this Honorable Court enter an Order GRANTING her Motion and permit the depositions to go forward remotely as scheduled with the conditions provided for in Plaintiff's proposed stipulation.

Respectfully submitted;

GAFKAY LAW, PLC

Dated: 4/30/2020

__/s/ Julie a. Gafkay___________

Julie A. Gafkay (P53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, Michigan 48734
(989) 652-9240
jgafkay@gafkaylaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALENA CLARK,

Plaintiff

v.

Case No. 19-10106
Hon. Thomas L. Ludington

COUNTY OF SAGINAW, SAGINAW COUNTY PROSECUTING ATTORNEY'S OFFICE, JOHN McCOLGAN, individual capacity and CHRISTOPHER BOYD, individual capacity,

Defendants

---

GAFKAY LAW, PLC
JULIE A. GAFKAY (P 53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240
jgafkay@gafkaylaw.com

FREID, GALLAGHER, TAYLOR & ASSOCIATES, PC
DEBRA A. FREID (P 33078)
Co-Counsel for Plaintiff
604 S. Jefferson Ave.
Saginaw, MI 48607
(989) 754-0411
fgt@fgt-law.com

CUMMINGS, McCLOREY, DAVIS &ACHO,PLC
TIMOTHY S. FERRAND (P 39583)
Attorneys for Defendants
19176 Hall Road, Ste. 220
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

---

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO CONDUCT DEPOSITIONS REMOTELY PURSUANT TO FED.R.CIV.P. 30(b)(4)**

# TABLE OF CONTENTS

MOST CONTROLLING AUTHORITY .......... ii

STATEMENT OF THE ISSUES PRESENTED .......... iii

STATEMENT OF FACTS .......... 1

LAW AND ARGUMENT .......... 4

CONCLUSION .......... 4

CERTIFICATE OF SERVICE .......... 5

**MOST CONTROLLING AUTHORITY**

Fed. R. Civ. P. 30(b)(4)…..…………………………………………………………2

## STATEMENT OF THE ISSUES PRESENTED

Whether the Court should enter an Order permitting the depositions scheduled by Plaintiff to go forward remotely with the conditions provided for in Plaintiff's proposed stipulation?

Plaintiff says: "Yes."

## FACTS RELEVANT TO THIS MOTION

On April 24, 2020, this Court entered an Order amending the scheduling order extending discovery until May 11, 2020, to permit the depositions of John McColgan, Jennifer Broadfoot, Jolina O'Berry, Mark Gaertner, and Blair Stevenson by Plaintiff. ECF No. 33, PagID.493. The State of Michigan issued the Stay Home effective March 24, 2020 pursuant to Executive Order 2020-21 (COVID-19), which has been extended through May 15, 2020 currently pursuant to Executive Order 2020-59. Because of the Stay Home issued in the State of Michigan, in person activities, including depositions, are suspended. However, the Stay Home does not preclude remote activities.

Defendant John McColgan's deposition, which has been set at minimum five different times, was most recently scheduled for April 22, by agreement of the parties. Because the Stay Home was in effect, Plaintiff re-noticed the above deposition as a remote deposition and forwarded the re-notice to defense counsel on April 17, 2020 with a proposed stipulation. **(Exhibit A).** Pursuant to Fed.R.Civ.P. 30(b)(4), remote depositions are permissible, however, can only be done by stipulation of the parties or order of the Court.

The stipulation proposed for the remote depositions is one that has been used by other attorneys in Michigan and in other states to address the necessity to conduct depositions remotely due to the pandemic. The goal is for a remote videoconference deposition to mirror an in person deposition as much as possible; for instance, all individuals present can be seen and heard, the deposition can be video recorded (the

in persons depositions to date have been video recorded), and attorneys cannot talk to his or her client during the deposition. The stipulation proposed by Plaintiff to conduct the deposition remotely, which is included in the Exhibits, states the following:

> WHEREAS, Fed.R.Civ.P. 30(b)(4), allows the parties to stipulate in writing that a deposition be taken by remote electronic means;
>
> WHEREAS, a notary public who is physically located in this state can perform a remote online notarial act, including administering the oath to a witness;
>
> WHEREAS, due to the present COVID-19 pandemic, as well as various state and federal emergency declarations and orders, and the need to adhere to social-distancing requirements and recommendations;
>
> WHEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the above-named parties through their respective counsel, that they will follow the protocol described herein for the remote deposition of John McColgan in this case:
>
> 1. The court reporter may administer the oath or affirmation to the deponent remotely;
>
> 2. The court reporting service will arrange, coordinate, and host the deposition through a secure videoconference technology, such as Zoom or a functional equivalent;
>
> 3. The court reporting service will provide technical information, including the online link, to the deponent, counsel, and the parties to be able to participate in the remote deposition;
>
> 4. Upon request, the court reporting service will be available to test the videoconference technology the prior business day before the deposition so that any technical issues can be identified and resolved in advance of the deposition;
>
> 5. The court reporter's transcript shall serve as the official record of the deponent's testimony;
>
> 6. As the host of the videoconference, the court reporter shall video-record the deponent while on the record and also ensure that all individuals present at the deposition are continuously seen on video and able to be heard when needed (including attorney for witness, attorney taking the deposition, any other party or attorney present); the court reporter will announce each time he/she has activated the record function and each time he/she has deactivated the record function;
>
> 7. The video-recording of the deposition created by the court reporter using the videoconference technology shall be deemed the equivalent of a video-recording made by a videographer, and shall be available for use in trial as though prepared by a videographer;
>
> 8. As the host of the videoconference, the court reporter shall disable the videoconference technology's "chat" function (or similar private communication function). After the deponent has

> been sworn, any form of communication during the deposition between the deponent and his counsel including anyone acting on behalf of counsel is strictly prohibited (such as text messaging, email, messaging, or any other method of communication), subject to paragraph 10;
>
> 9. After the deponent has been sworn for the deposition, any private off-the-record communications during breaks between the deponent and counsel, should be limited to 10 minutes, unless the parties agree to a longer break for lunch, until the deposition has been completed;
>
> 10. Counsel defending the depositions has the right to object consistent with Fed.R.Civ.P. 30(c)(2), but shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court;
>
> 11. The court reporter will provide a running real-time transcript on the videoconference; and
>
> 12. As the host of the videoconference, the court reporter will present the exhibits when identified on the videoconference or allow the questioning counsel to have the screenshare function to show exhibits on the videoconference screen.

On April 20, defense counsel responded stating he would not produce his client for the upcoming deposition and that he would not agree to the proposed order, without stating what he disagreed with concerning the order. **(Exhibit A).** In follow up emails on the 20th, the undersigned asked defense counsel to specify his objections to the proposed stipulation for doing depositions remotely, which defense counsel never provided any response.

On April 27, 2020, the undersigned sent defense counsel re-notices for the depositions in this matter to be conducted remotely. **(Exhibit B).** Plaintiff again asked defense counsel to advise what, if any part, of the stipulation to conduct the depositions remotely he would not agree. As of the filing of this Motion, Defendants have not responded whatsoever to Plaintiff's repeated requests to stipulate to conducting the scheduled depositions remotely. Moreover, Defendants have not filed

any request for protective order concerning the remote depositions set for next week on May 5, 6, and 8.

**LAW**

Fed. R. Civ. P. 30(b)(4) states, "the parties may stipulate -or the court may on motion order-that a deposition be taken by telephone or other remote means." Accordingly, depositions can be done remotely, however, there must be a stipulation or order of the Court to do so. Plaintiff has tried repeatedly to stipulate with Defendants on the remote deposition, however, Defendants will not respond or advise what part, if any, of the stipulation is not agreeable. Accordingly, Plaintiff has no other choice to file the present Motion for an Order to conduct the depositions. Moreover, Plaintiff requests the Court enter an Order that the conditions proposed by Plaintiff's stipulation apply to the conduct at the remote depositions.

**CONCLUSION**

For all these reasons, and for those in the accompanying Motion, Plaintiff requests that this Honorable Court enter an Order GRANTING her Motion and permit the depositions to go forward remotely as scheduled with the conditions provided for in Plaintiff's proposed stipulation.

Respectfully submitted;

GAFKAY LAW, PLC

Dated: 4/30/2020

/s/ Julie A. Gafkay_______________

Julie A. Gafkay (P53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, Michigan 48734

(989) 652-9240
jgafkay@gafkaylaw.com

CERTIFICATE OF SERVICE

On 4/30/2020_, Plaintiff's Motion and Brief **TO CONDUCT DEPOSITIONS REMOTELY PURSUANT TO FED.R.CIV.P. 30(b)(4)** was electronically filed with the Clerk of the Court through the Court's CM/ECF System, which will send notification to such filings to the attorneys of record, Timothy S. Ferrand.

GAFKAY LAW, PLC

s/Julie A. Gafkay
Julie A. Gafkay (P53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240
jgafkay@gafkaylaw.com