UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALENA CLARK,

    Plaintiff,

v.

Case No. 19-10106
Honorable Thomas L. Ludington

COUNTY OF SAGINAW,
et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS AND FOR SANCTIONS**

On January 11, 2019, Plaintiff filed a complaint against Defendants alleging sex discrimination and retaliation under the Elliott-Larsen Civil Rights Act, First Amendment retaliation, violation of equal protection, and discrimination under the Equal Pay Act. ECF No. 1. The case management and scheduling order has been extended twice. ECF Nos. 9, 24, 27. Discovery closed on April 18, 2020.

There is an ongoing conflict among counsel in addition to the parties. The Court has addressed multiple motions by order on very short notice. On April 21, 2020, Defendants filed a motion to compel supplementary discovery. ECF No. 29. On April 24, 2020, the motion was denied as untimely. ECF No. 32. On April 21, 2020, Defendants also filed a motion to adjourn scheduling order dates for 60 days. ECF No. 30. The motion was denied in part because Defendants did not provide any evidence of their attempts to complete the remaining discovery remotely, as is being done extensively at this juncture, after the case had been in its discovery phase for over one year. ECF No. 33. However, the motion was granted in part extending the discovery deadline until May

11, 2020 for previously noticed depositions to occur remotely, specifically for John McColgan, Jennifer Broadfoot, Jolina O'Berry, Mark Gaertner, and Blair Stevenson. *Id.*

A settlement conference was conducted on April 27, 2020. At the settlement conference, counsel were reminded that discovery has been open for over one year. The Court explained it is aware of the difficulties imposed by COVID-19 and Governor Whitmer's Stay Home order. However, the Court is working remotely to pursue the cases on its docket and expects the same of counsel.

On April 28, 2020, Plaintiff filed a motion to compel responses to Plaintiff's seventh and eighth requests to produce discovery. ECF Nos. 34, 35. The motion was denied as untimely. ECF No. 36. On April 30, 2020, Plaintiff filed a motion to compel, seeking an order "permitting the depositions to go forward remotely as scheduled to be conducted in accordance with Plaintiff's proposed stipulation [order]." ECF No. 37 at PageID.534-535. The Court granted Plaintiff's motion in part and provided procedures for the remaining remote depositions.

**I.**

By agreement of the parties and after multiple rescheduled dates, Defendant McColgan's deposition was scheduled for April 22, 2020. ECF No. 37. As a result of the Stay Home order, Plaintiff re-noticed the deposition on April 17, 2020 as a remote deposition, along with a proposed stipulation for remote procedures. ECF No. 37-2. Defense counsel objected by email to the remote deposition procedures and indicated his unwillingness to produce his client under the terms of Plaintiff's procedures. The deposition did not occur on April 22, 2020.

After the April 27, 2020 settlement conference, Plaintiff first noticed Defendant McColgan of his upcoming re-scheduled remote deposition for Tuesday, May 5, 2020 at 10 am. ECF No. 45-2. On

the afternoon of Monday, May 4, 2020 (less than 20 hours prior to Defendant McColgan's deposition), Defense counsel filed a motion for protective order regarding the deposition of Mr. McColgan. ECF No. 41. Defense counsel admits that he received notice of Defendant McColgan's deposition on April 27, 2020 when it was noticed. ECF No. 41 at PageID.699. In the motion for protective order, Defense counsel provides that on May 1, 2020, he informed Plaintiff's counsel that

> The Court order provides for completion of the depositions by May 11. I will produce McColgan May 11, in conformance with the court order. You unilaterally scheduled McColgan's deposition for May 5. There is nothing magical about that date which you arbitrarily selected. The prosecutor continues to provide an essential service and is required to be present to do so. He is not available and will not be prepared to proceed on May 5. Your desire to take his deposition first, is of little consequence as the Federal Rules of Civil Procedure do not allow the parties to control the order in which discovery proceeds. This is particularly true where the order of deposition is not in our control. Therefore, his deposition needs to be scheduled to a date convenient for the witness. We have offered May 11. If you are unable to take the deposition on that day please advise.
> ECF No. 41-4 at PageID.724.

The only evidence provided for McColgan's unavailability is the following explanation in the motion,

> The witness is the County Prosecutor who is continuing to operate the prosecutor's office with a limited staff. Taking on new personal managerial duties, the Prosecutor has to oversee this limited staff to ensure the required operations of his office. Because of the COVID-19 pandemic, and the Executive Orders issued by the Governor, arraignments are conducted each morning at the State district court level. Further, specialty courts are further held each Monday, Wednesday, and Thursday/Friday. These specialty proceedings take the entire afternoon, and require the personal attendance of the Prosecutor. As a result, he is unable to prepare, and appear, for the unilaterally scheduled date. Regardless, he has agreed to be available on 05/11/2020. Despite Mr. McColgan's willingness, Plaintiff's Counsel, in a further attempt to gain some ill-conceived advantage, is unwilling to consider or accommodate his schedule.
> ECF No. 41 at PageID.710-711.

On May 5, 2020, Defendant McColgan failed to appear for his duly noticed deposition. *See* ECF No. 45-5. The afternoon of May 5, 2020, Plaintiff filed a motion to compel seeking an order for Defendant McColgan to appear for a deposition on May 11, 2020, rescheduling the remaining third-party depositions from May 12 through May 15, 2020, seeking a default against Defendant "for their flagrant disregard of the Federal Rules," and seeking $2,000 in attorney fees and costs. ECF No. 45.

On April 27, Defendant McColgan was aware that he had deposition noticed for May 5, 2020. His attorney did not file a motion for protective order until less than 24 hours prior to the scheduled deposition. In the late filed motion for protective order, Defendant McColgan offered no evidence, not even an affidavit, regarding his unavailability for the May 5 deposition. In addition, the explanation provided by Defendant appears to demonstrate that he is available on Tuesdays, the day the deposition was noticed. Then, without an order of the court, he elected not to attend.

Plaintiff's requested relief will be granted in part.

## II.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel, ECF No. 45, is **GRANTED** in part.

It is further **ORDERED** that Defendant McColgan is directed to appear for his remote deposition on May 11, 2020 at 9 a.m. The remote deposition will follow this Court's procedures as outlined in ECF No. 43.

It is further **ORDERED** that discovery for depositions for Jennifer Broadfoot, Jolina O'Berry, Mark Gaertner, and Blair Stevenson, is extended through **May 15, 2020**. The depositions of Jennifer Broadfoot, Jolina O'Berry, Mark Gaertner, and Blair Stevenson must be taken after McColgan's deposition on May 11, 2020.

It is further **ORDERED** that Plaintiff is authorized to file a motion for attorney fees and costs related to Defendant's obstruction and failure to appear at his duly noticed deposition on May 5, 2020.

It is further **ORDERED** that Defendant's Motion for Protective Order, ECF No. 41, is **DENIED** as moot.

Dated: May 6, 2020                                         s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge