UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALENA CLARK,

    Plaintiff,　　　　　　　　　　　　　　Case No. 19-10106
　　　　　　　　　　　　　　　　　　　　　　　　　Honorable Thomas L. Ludington

v.

COUNTY OF SAGINAW,
et al.,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

On January 11, 2019, Plaintiff filed a twelve-page complaint against Defendants alleging sex discrimination and retaliation under the Elliott-Larsen Civil Rights Act, First Amendment retaliation, violation of equal protection, and discrimination under the Equal Pay Act. ECF No. 1. The initial scheduling order was entered on March 22, 2019 providing for a six-month discovery period which is routinely given in similar employment discrimination cases. The docket reflects no activity during that sixth month discovery period until the parties submitted an October 8, 2019 stipulation to extend the case management dates and providing for discovery to continue until February 18, 2020. ECF No. 9. At the request of the parties a third extension of the Scheduling Order was entered on February 19, 2020, once again extending the time to complete discovery through April 18, 2020. ECF Nos. 24, 27. The Court was not informed about the precise reasons for the multiple requests for scheduling order extensions. The requests were granted largely based on the Court's familiarity with counsel and their reputation for the conduct of their practice of law.  Discovery closed on April 18, 2020.

The Court has addressed multiple motions by order on very short notice, including denying Plaintiff's and Defendants' motions to compel supplementary discovery (ECF Nos. 29, 32, 34, 35, 36) and denying a motion to further extend the scheduling order by an additional 60 days, except to conduct depositions noticed before the conclusion of discovery. (ECF No. 30, 33). In early May, the Court addressed a conflict between the parties regarding procedures for the remote deposition. ECF No. 43.

On May 5, 2020 Plaintiff filed a motion to compel Defendant McColgan's deposition on May 11, 2020 (after he did not appear for his deposition on May 5, 2020) as well as sought an extension of discovery by four days to May 15, 2020 to complete the depositions. The motion also sought reimbursement of Plaintiff's attorney fees for the expenses of responding to Defendant McColgan's motion and his failure to appear at the deposition. ECF No. 45. On May 6, 2020 this Court granted Plaintiff's motion in part – compelling Defendant McColgan's deposition on May 11, 2020, extending discovery four day to May 15, 2020, and allowing Plaintiff to file a motion for attorney fees related to the delayed deposition. ECF No. 47. Currently before this Court is Defendants' motion for reconsideration regarding that order. ECF No. 49.

**I.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Mich. Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734

(citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

## II.

By agreement of the parties and after multiple rescheduled dates, Defendant McColgan's deposition was scheduled for April 22, 2020. ECF No. 37. As a result of the Stay Home order, Plaintiff re-noticed the deposition on April 17, 2020 as a remote deposition, along with a proposed stipulation for remote procedures that are now fairly routine. ECF No. 37-2. Defense counsel objected by email to the remote deposition procedures and indicated his unwillingness to produce his client under the terms of Plaintiff's proposed procedures. The deposition did not occur on April 22, 2020. On May 4, 2020 the Court granted in part Plaintiff's motion to provide procedures for remote depositions. ECF No. 43.

After the April 27, 2020 settlement conference, Plaintiff first noticed Defendant McColgan of his upcoming re-scheduled remote deposition for Tuesday, May 5, 2020 at 10 am. ECF No. 45-2. Defense counsel communicated by email to Plaintiff's counsel that Defendant McColgan would not be available on Tuesday, May 5, 2020 and proposed Monday, May 11, 2020 as an alternative date (the same day that discovery closed). ECF No. 41-3. Plaintiff's counsel responded that they intended to depose Defendant McColgan before the four remaining third party depositions. They also explained that they intended to proceed with the proposed date of May 5, 2020 for Defendant McColgan's deposition. ECF No. 41-4.

On the afternoon of Monday, May 4, 2020 (less than 20 hours prior to Defendant McColgan's deposition), Defense counsel filed a motion for protective order regarding the deposition of Mr. McColgan. ECF No. 41. Defense counsel acknowledged that he received notice of Defendant McColgan's deposition on April 27, 2020. ECF No. 41 at PageID.699. In the motion for protective order, Defense explained that on May 1, 2020, he informed Plaintiff's counsel that

> The Court order provides for completion of the depositions by May 11. I will produce McColgan May 11, in conformance with the court order. You unilaterally scheduled McColgan's deposition for May 5. There is nothing magical about that date which you arbitrarily selected. The prosecutor continues to provide an essential service and is required to be present to do so. He is not available and will not be prepared to proceed on May 5. Your desire to take his deposition first, is of little consequence as the Federal Rules of Civil Procedure do not allow the parties to control the order in which discovery proceeds. This is particularly true where the order of deposition is not in our control. Therefore, his deposition needs to be scheduled to a date convenient for the witness. We have offered May 11. If you are unable to take the deposition on that day please advise.
> ECF No. 41-4 at PageID.724.

The only evidence provided for McColgan's unavailability was the following,

> The witness is the County Prosecutor who is continuing to operate the prosecutor's office with a limited staff. Taking on new personal managerial duties, the Prosecutor has to oversee this limited staff to ensure the required operations of his office. Because of the COVID-19 pandemic, and the Executive Orders issued by the Governor, arraignments are conducted each morning at the State district court level. Further, specialty courts are further held each Monday, Wednesday, and Thursday/Friday. These specialty proceedings take the entire afternoon, and require the personal attendance of the Prosecutor. As a result, he is unable to prepare, and appear, for the unilaterally scheduled date. Regardless, he has agreed to be available on 05/11/2020. Despite Mr. McColgan's willingness, Plaintiff's Counsel, in a further attempt to gain some ill-conceived advantage, is unwilling to consider or accommodate his schedule.
> ECF No. 41 at PageID.710-711.

On May 5, 2020, Defendant McColgan did not appear for his deposition. *See* ECF No. 45-5. In this Court's previous order, it highlighted the fact that Defendant McColgan did not provide any

- 4 -

evidence of his unavailability besides his counsel's general assertion that he is busy managing the Saginaw County Prosecutor's Office. The assertion was not even corroborated by an affidavit explaining the circumstances. Moreover, Defendant has had ample time to prepare for his deposition, even prior to the COVID-19 pandemic. Discovery has been extended four times to accommodate the parties' efforts to conclude discovery.

### III.

In this motion for reconsideration, Defendants first claim that "Deciding a motion prior to Defendants being afforded time to file a response, including that the briefing schedule in the Local Rules would not be followed, is palpable error." ECF No. 49 at PageID.861. The local rules provide a response must be filed within 14 days of service of a motion, but do not require a court to wait until the response is received to decide a case management question. Additionally, Plaintiff's motion was filed on May 5, 2020, requesting immediate consideration in light of approaching discovery deadline. ECF No. 45. Part of the relief sought by Plaintiff was to compel Defendant McColgan's appearance on May 11, 2020 for a deposition and to extend discovery by four days until May 15. Defendant McColgan's attorney explained that he was unavailable on May 5 and that he also lacked sufficient time to prepare (despite being noticed on April 27, 2020). In an effort to provide sufficient notice to all parties regarding the short extension of discovery, time for Defendant and third parties to prepare for depositions, and due to the additional information included in the multitude of motions filed by all parties in April and May, the Court concluded that it had sufficient information to make an informed decision. Defendant has not taken issue with the Court's understanding of the facts or furnished contrary case law.

Defendants also argue that the Federal Rules of Civil Procedure provide that "[t]he premise that an attorney's decision as to the sequence of discovery is conclusive and absolute is mutually exclusive with these rules of civil procedure. In failing to consider witness availability, as required by the Federal Rules of Civil Procedure, palpable error has been committed." ECF No. 49 at PageID.863.

Federal Rule of Civil Procedure 26(d)(3) provides that "Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." While witness availability is a consideration, the rule does not require counsel to consult for the best possible date prior to noticing a deposition. Also, FRCP 30(b)(1) provides that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party." There is no requirement for agreement between all parties before an attorney notices a deposition.

If the parties confer in good faith and fail to resolve a discovery dispute, a party may seek a protective order from the court and the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place . . . for the disclosure or discovery." FRCP 26(c)(1). In this case, Defense counsel waited until less than 24 hours prior to the scheduled deposition to seek a protective order and did not provide a substantiated explanation for his unavailability.

Defendants' counsel correctly explains that an opposing attorney's decision regarding the sequencing of discovery is not conclusive and absolute. ECF No. 49 at PageID.863. However, the decision to compel Defendant McColgan's deposition on May 11, 2020 (the date he selected),

extend discovery for another four days for the remaining third-party deponents, and impose the cost of attorney fees was not because Plaintiff has absolute control over the order of discovery. Instead, the previous order was entered based upon Defendant's conduct in response to multiple rescheduled remote depositions in April and May. Defendant has not alleged additional facts or law that demonstrate this Court's prior order was palpable error.

**IV.**

Accordingly, it is **ORDERED** that Defendants' Motion for Reconsideration, ECF No. 49, is **DENIED**.


Dated: May 18, 2020						s/Thomas L. Ludington
							THOMAS L. LUDINGTON
							United States District Judge