UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALENA CLARK,

    Plaintiff,

v.

Case No. 19-10106
Honorable Thomas L. Ludington

COUNTY OF SAGINAW,
et al.,

    Defendants.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES**

On January 11, 2019, Plaintiff filed a complaint against Defendants alleging sex discrimination and retaliation under the Elliott-Larsen Civil Rights Act, First Amendment retaliation, violation of equal protection, and discrimination under the Equal Pay Act. ECF No. 1. The case management and scheduling order has been extended twice. ECF Nos. 9, 24, 27. Discovery closed on April 18, 2020. However, it was partially extended until May 11, 2020 and then later to May 15, 2020 to allow for five depositions that were noticed prior to the April 18, 2020 discovery deadline. ECF Nos. 33, 47.

Multiple discovery issues have been addressed by order, including denying Plaintiff's and Defendants' motions to compel supplementary discovery (ECF Nos. 29, 32, 34, 35, 36, 58). A motion to further extend the scheduling order by an additional 60 days except to conduct depositions noticed before the conclusion of discovery (ECF No. 30, 33) was denied and an order was entered compelling Defendant McColgan's deposition on May 11, 2020 as well as to set procedures for remote depositions. ECF Nos. 43, 47. In the order compelling McColgan's deposition, the Court found that "Plaintiff is authorized to file a motion for attorney fees and costs related to Defendant's

obstruction and failure to appear at his duly noticed deposition on May 5, 2020." ECF No. 47 at PageID.801. Plaintiff's authorization to file a motion for attorney fees was due to Defendant McColgan's "conduct in response to multiple rescheduled remote depositions in April and May," including waiting to file a motion for protective order less than 24 hours prior to his scheduled deposition and the absence of any substantiated explanation for his unavailability. ECF No. 50. On May 7, 2020, Plaintiff filed her motion for attorney fees and costs. ECF No. 48.

Plaintiff seeks a total of $2,519 in attorney fees and costs. She seeks to be compensated for 1 hour each for Attorney Gafkay and Attorney Freid's appearances at Defendant McColgan's deposition, 2 hours for Attorney Gafkay to draft a motion to compel McColgan's deposition, 1 hour for Attorney Freid to review the motion to compel, and 2.5 hours for Attorney Gafkay to draft the motion for attorney fees. ECF No. 48-2 at PageID.816. Plaintiff also seeks $269 in fees assessed by the court reporting service associated with McColgan's deposition when he failed to appear. *Id.* Plaintiff utilizes an hourly rate of $300 an hour. ECF No. 48.

**I.**

Federal Rule of Civil Procedure 37(a)(5)(A) provides that

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

The Sixth Circuit has explained that "[t]he primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geter v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2204) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Id.*; *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

To justify their requested hourly rate of $300, Plaintiff's counsel explain that Attorney Gafkay's rate of $300 was approved by Eastern District of Michigan Southern Division Judge Mark Goldsmith in September 2019. However, Judge Goldsmith did not explicitly approve the $300 fee rate as much as state that the parties agreed that her rate was reasonable. ECF Nos. 96, 109 at PageID.2746 in 16-14060. Plaintiff's counsel also argue that the mean rate for labor and employment lawyers in Michigan based on the 2017 Economics of Law Practice publication by the Michigan State Bar is $301 an hour.

Defendants spend the majority of their response rearguing the deposition disputes and the reasons for Defendant McColgan's noncompliance. ECF No. 52. The rationale for the award of attorney fees is included in the order authorizing Plaintiff to file her motion and in the order denying Defendants' motion for reconsideration. ECF Nos. 47, 49, 50. It will not be reviewed a third time. Defendants also argue that the case is a federal civil rights claim which has a median rate of $288 per hour, that Saginaw County attorneys median rate is $200, and the median rate for an attorney with 24 years of experience is $253. ECF No. 52 at PageID.966-967. Defendants also argue that the rate

should be even lower because "many law firms have junior attorneys, or even law clerks, draft motions to compel." *Id.*

Plaintiff's complaint alleges violations of the Michigan Elliott Larsen Civil Rights Act and violations of her First and Fourteenth Amendment rights. ECF No. 1. The civil rights claims are made in the context of an employment dispute. Judge Goldsmith appeared to provide tacit approval of Attorney Gafkay's rate of $300 an hour in September 2019. Additionally, Plaintiff's counsel do not have junior associates who could draft a motion to compel. Therefore, Plaintiff's counsel should not be penalized for having an experienced attorney draft the motion. *See Roberts v. National Bank of Detroit*, 556 F. Supp. 724, 728 n.1 (E.D. Mich. 1983) ("Although defendants argue that the court should determine lower rates for work that could have been done by associates, the Court finds that that is not appropriate in this case. The attorneys here are not involved in large law practices which allow them to send routine work to associates."). The rate of $300 an hour is reasonable.

The second question is whether the amount of time requested is reasonable. Plaintiff provides an affidavit from Attorney Gafkay with her motion stating that she spent one hour at the May 5, 2020 'deposition,' two hours drafting the motion to compel, and two and half hours drafting the motion for attorney fees. ECF No. 48. Attorney Gafkay will be compensated for her work drafting the motion to compel ($600) and the motion for attorney fees ($750). However, she will not be compensated for her time during the deposition ($300) or for costs from the court reporting service ($269). Even though Defendant McColgan did not provide an affidavit corroborating and explaining his unavailability for the May 5, 2020 deposition, his attorney clearly communicated with Plaintiff's counsel that Defendant would not be present for the noticed deposition. Attorney Gafkay could have cancelled the court reporter, not spent an hour of her time preparing for and at a non-existent

deposition, and not sought a copy of the 'deposition' transcript. Therefore, Plaintiff's counsel will be compensated for her efforts in drafting the motion to compel and motion for attorney fees, but not for her efforts in attending a deposition that she was informed Defendant would not attend.

Plaintiff also argues that Attorney Freid spent one hour at the deposition and one hour reviewing the motion to compel. *Id.* However, Plaintiff did not include an affidavit from Attorney Freid's affidavit with her motion, only providing one after Defendants highlighted the issue in their response. Therefore, Attorney Freid's time will not be compensated.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Attorney Fees, ECF No. 48, is **GRANTED IN PART**. Defendant McColgan is **DIRECTED** to pay $1,350 to Plaintiff on or before **August 7, 2020**.

Dated: July 9, 2020
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge